UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA BISHOP,

      Plaintiff,

vs.                                                                    CASE NO.:

TARGET CORPORATION, a
Foreign Profit Corporation,

      Defendant.
_____/

### DEFENDANT, TARGET CORPORATION'S, NOTICE OF REMOVAL

To:    The Judges of the United States District Court
        for the Middle District of Florida
        Orlando Division
        U.S. Courthouse
        401 West Central Boulevard
        Suite 1200
        Orlando, Florida 32801-0120

Pursuant to the provisions of 28 U.S.C.A. §§ 1332, 1441 and 1446, Defendant, TARGET CORPORATION, hereby removes to this Court the action filed against it in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, and as grounds for the removal of this action to the

United States District Court for the Middle District of Florida, Orlando Division, this Defendant states as follows:

1. There is presently pending in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, the following styled action: JESSICA BISHOP, Plaintiff, vs. TARGET CORPORATION, a Foreign Profit Corporation, Defendant, bearing Case No.: 2021-30320-CICI.

2. That on or about March 9, 2021, the Plaintiff, Jessica Bishop, filed a Complaint and demand for jury trial in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, a copy of which is attached hereto as **Exhibit 1**. Defendant, Target Corporation's, Answer to Plaintiff's Complaint, and Demand for Jury Trial is attached hereto as **Exhibit 2**. The Volusia County Clerk of Court's Docket for Case No. 2021-30320-CICI is attached hereto as **Exhibit 3**. All Other State Court Documents are attached hereto as **Composite Exhibit 4**. The Civil Cover Sheet for this Court is attached hereto as **Exhibit 5**. Said documents are attached to this Notice as required by U.S.C. §1446(a).

3. The Complaint was served on Target Corporation on April 30, 2021. This Removal is being effected within thirty (30) days after service of the

Complaint. See 28 U.S.C. §1446(b). Defendant has not waived its right to removal.

4. This Notice of Removal is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C.A., Section 1332 and 28 U.S.C.A. Section 1441. The matter is between citizens of different states and the amount in controversy, excluding interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

5. That at all times material hereto, the Plaintiff in the above-styled action is a resident and citizen of the State of Florida, residing at 141 Highland Ave, Edgewater, Florida 32132, in Volusia County, Florida (Plaintiff's Florida driver's license is attached hereto as **Exhibit 6**). The Plaintiff has been an active registered voter in Florida since July 10, 2001 (Plaintiff's Volusia County, Florida Voter Registration is attached hereto as **Exhibit 7**). Target is a foreign corporation. For purposes of diversity, the single Defendant has its citizenship in states other than the State of Florida. The Defendant, Target Corporation, is incorporated in the State of Minnesota. The Defendant's, Target Corporation, principal place of business is 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

There is complete diversity of citizenship between the Defendant and the Plaintiff.

6. This case is properly removable under 28 U.S.C. §1441(a) since the Court has subject matter jurisdiction under Section 1332(a)(1). The Complaint was served on Target Corporation on April 30, 2021. The amount in controversy in the Complaint is not specified, other than claiming "This is an action for damages in excess of Thirty Thousand One Dollars ($30,001.00)". The Plaintiff's Complaint also states "As a result, the Plaintiff, JESSICA BISHOP, sustained bodily injury and resulting pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and/or aggravation of a pre-existing condition. The losses are either permanent or continuing and the Plaintiff will suffer such losses in the future."

The Plaintiff served the Defendant with a December 11, 2020 detailed letter, stating the specific injuries and damages claimed in this lawsuit, in which they "feel that a reasonable jury could return a verdict in the $300,000.00 range for Jessica Bishop's injuries". The letter states on May 15, 2020, as a result of the subject incident, the Plaintiff underwent surgery consisting of an open reduction

internal fixation for a right tibial plateau fracture with allograft bone grafting, and repair of a right lateral meniscus tear (see **Exhibit 8** attached). The 12/11/2020 letter includes photos of the Plaintiff's several inch long surgical incision with staples on her right leg. The letter states as a result of the subject fall, the Plaintiff incurred $62,563.31 in past medical bills as of 12/11/2020 (date of letter), and "These figures will no doubt be augmented as Ms. Bishop continues to undergo medical care and treatment for her ongoing symptomatology" (see last paragraph of page 4, Exhibit 8). The 12/11/2020 letter (and the Plaintiff's Complaint) state the Plaintiff is asserting a wage loss claim, in that "Before this unfortunate accident Ms. Bishop was semi-retired, but still enjoyed working as a real estate agent. Due to her injuries she has not been able to show any properties" (see page 4 of Exhibit 8 attached).

Accordingly, the damages sought by Plaintiff are clearly in excess of the $75,000.00 jurisdictional requirement of this Court, and to the best of this Defendant's knowledge, the requisite jurisdictional amount, as provided by 28 U.S.C.A. Section 1441, et seq., and 28 U.S.C.A. 1332, has been met.

5

7. That venue properly rests with the Middle District of the United States District Court, Orlando Division because this action is being removed from the Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida.

8. This Defendant has filed with the Clerk of Circuit Court, Seventh Judicial Circuit, in and for Volusia County, Florida, a true and correct copy of this Notice of Removal pursuant to 28 U.S.C.A. 1446(e). See **Exhibit 9** attached.

9. That the undersigned attorney is authorized by Defendant, Target Corporation, to file this Notice of Removal.

10. That the undersigned attorney is licensed in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

WHEREFORE, Defendant, Target Corporation, respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C.A. §§1332 and 1441.

Dated this 19th day of May, 2021.

Respectfully submitted,

_____
**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.

Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:  jcoleman@rclawpa.com
rcunningham@rclawpa.com
dthompson@rclawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following: Luis R. Gracia, Esquire, Rue & Ziffra, 632 Dunlawton Avenue, Port Orange, FL 32127.

/s/ James A. Coleman

JAMES A. COLEMAN, ESQUIRE
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:  jcoleman@rclawpa.com
rcunningham@rclawpa.com
dthompson@rclawpa.com

7